# UNITED STATES

## *v.*

# VICTOR COLL Y CUCHI.

---

San Juan, Criminal, No. 603.

ON MOTION TO REMIT COSTS IMPOSED WITH THE SENTENCE.

Criminal Law—Remittance of Costs.

When judgment is rendered against a defendant in a prosecution

United States v. Coll y Cuchi.

for a fine or forfeiture incurred under a statute of the United States, he must pay the costs, and the court cannot remit them; but on a conviction for any other offense, not capital, the court may, in its discretion, remit the costs.

Opinion filed May 31, 1916.

---

*Mr. Miles M. Martin,* United States Attorney, for the government.

*Mr. Cayetano Coll y Cuchi* for the defendant.

HAMILTON, Judge, delivered the following opinion:

The defendant files a motion asking that the costs imposed with the sentence be remitted,—in other words, that the sentence be confined to the fine of $100 which was imposed.

The statute governing the subject is § 974 of the Revised Statutes, Comp. Stat. 1913, § 1615, which says: "When judgment is rendered against the defendant in a prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs; and on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution."

It would seem as if the proper construction of the section is that there are two provisions made. Wherever there is a prosecution for a fine incurred under a statute, he shall be subject to the payment of costs. The proper construction would seem to be that where there is a prosecution for a fine or a forfeiture alone, costs necessarily go with the judgment; he should be sub-

United States v. Coll y Cuchi.

ject to the payment of costs.  In any other conviction, that is to say, any other than a prosecution for a fine, not capital, it is discretionary with the court to impose costs or not.

This case was one for which fine and imprisonment, one or both, could be imposed.  It does not come, then, under the first clause of this statute.  It is not one for a fine or a forfeiture alone, which would involve necessarily the payment of costs.  It comes under the second head, a conviction for another offense, that is, something else than a fine or forfeiture, not capital; and in the latter case the discretion is given to the court to award that the defendant pay the costs of the prosecution.  So that it is discretionary with the court whether it will impose costs or not.

It seems to be admitted that in this case the defendant made an offer to admit the facts,—that is, the facts that would have been proved by the witnesses.  The government, for proper reasons, did not seem to think it wise to accept it, but the offer was made.  In point of fact, of about fifteen witnesses I think only two were put on the stand, and the rest were not used.  It would seem, under those circumstances, as if it is a case in which the court could justly use its discretion, at least in part.

The offense itself was, to a large extent, met by the fine imposed.  I think costs should be imposed in every case, but it would seem that this is one where there was no obstinacy on the part of the defendant as to the facts.  He was willing to admit the facts, and go to the jury on his theory of justification.  I think that, under the circumstances, I should remit a part of the costs.  I do not think I ought to remit them all, and in remitting any, it is no reflection whatever upon the government's bringing the witnesses.  That is perfectly proper.  They were not

used. That was not the fault of the government in summoning the witnesses.

It would seem that in a case where the jury recommends leniency and the facts do not point otherwise, the court could take into account the general rule obtaining in the states in torts, that the costs should not exceed the amount of the judgment recovered, in this case $100. And upon the understanding that the government is not to be put to further expense in this case, and that the fine and costs are paid within ten days, the court, considering the law sufficiently vindicated, will cut this $100 in two, and fix the costs to be paid by the defendant at $50. The fine will remain $100, as first fixed.

It is so ordered.